BEFORE THE FIRST DIVISION, JUNE 13, 1950

**No. 54391.**—The Fan Company *v.* United States, protests 136859–K and 141933–K (New York).

OLIVER, Chief Judge:   The merchandise in this case consists of certain silver and enameled hinged metal boxes, described on the invoices and referred to throughout the record as pill boxes.

The merchandise in protest 136859–K consists of silver pill boxes and in protest 141933–K of enameled pill boxes.   The goods were assessed under paragraph 1527 (c) (2), Tariff Act of 1930, as articles "designed to be worn on apparel or carried on or about or attached to the person," composed wholly or in chief value of metal other than gold or platinum, such as, among other articles enumerated in that paragraph, cigar cutters, cigarette cases, coin holders, match boxes, stamp cases, and like articles.   Those valued at not more than $5 per dozen pieces were assessed at the aggregate rate of 110 per centum ad valorem under paragraph 1527 (c) (2), and those valued at more than $5 per dozen pieces were assessed at the aggregate rate of 65 per centum ad valorem under the same paragraph of the act, as modified by the French Trade Agreement (T. D. 48316).   They are claimed properly dutiable either at 50 per centum ad valorem under paragraph 339, Tariff Act of 1930, or at 35 per centum ad valorem under the same paragraph, as modified by the United Kingdom Trade Agreement, T. D. 49753, for "* * * hollow or

flat ware, not specially provided for: Plated with silver," or at 32½ per centum ad valorem under the provisions of paragraph 397, as modified by the Mexican Trade Agreement, T. D. 50797, for "Articles or wares not specially provided for, if composed wholly or in chief value of silver."

The sample of the merchandise involved in protest 136859–K (exhibit 2) is an embossed, silver, hinged box with a snap cover, the entire article being semicircular in shape and measuring approximately 1¾" x ⅞" x ⁵⁄₁₆" thick. The two samples of the merchandise covered by protest 141933–K (collective illustrative exhibit 1) are silver pill boxes, coated with a multicolored design in enamel, with hinged covers and a snap fastening. One is rectangular in shape and measures approximately 1⅞" x 1⁵⁄₁₆" x ½" thick. The second sample, octagonal in shape, measures approximately 1¼" in diameter by ⅝" thick.

Both of the above protests were tried together and the testimony applied to all three pill boxes before us.

In addition to samples of the imported merchandise, there were also received in evidence as exhibits two pill boxes, one defendant's illustrative exhibit 4, and the other, defendant's exhibit 3 for identification.

Plaintiff's sole witness, the president of the importing company, who had personally purchased the involved articles, testified that they were not actually designed by him but that he merely suggested their size to the manufacturer and described their use as being for pill boxes (R. 9). He stated that he had seen articles similar to plaintiff's collective illustrative exhibit 1 and exhibit 2 used on many occasions in hotels, in resorts, and in homes on dining-room tables, where they were used in place of medicine bottles, and had also seen them used in curio cabinets. He further testified that he had seen people carry them in their pockets (R. 12). The articles are sold to retail stores, particularly gift shops. On cross-examination, the witness stated that he had occasionally carried a pill box on his person and that he had seen the type of article represented by plaintiff's collective illustrative exhibit 1 more frequently carried on the person (R. 19). He had seen articles like defendant's exhibit 3 for identification used as ornamental boxes in curio cases or on a dining-room table but had also seen them containing pills and vitamin tablets, carried on the person, mainly in ladies' pocketbooks (R. 20).

Defendant's first witness, employed by an importer of Chinese gift articles, testified that articles similar to plaintiff's collective illustrative exhibit 1 were chiefly used as pill boxes to be carried in the purse and that she herself used them in that fashion. She had rarely seen them used in curio cabinets and had never seen them on dining-room tables. She had personally used merchandise similar to plaintiff's exhibit 2 either by carrying it in her purse or "on my vanity," but stated that its chief use, as far as she had observed, was as articles in a curio cabinet.

Defendant's second witness, engaged in the art goods and gift business, had sold merchandise like collective illustrative exhibit 1, exhibit 2, and exhibit 3 for identification. He stated that he had seen articles like collective illustrative exhibit 1 used on many occasions by ladies in their handbags or purses; that articles such as plaintiff's exhibit 2 were chiefly used by women for pills, but sometimes a box collector might buy them. The witness further testified that, based on his experience, articles like plaintiff's collective illustrative exhibit 1, exhibit 2, and defendant's exhibit 3 for identification are chiefly used as pill boxes which are kept in the pocket of the user, the larger boxes being used for larger pills (R. 31).

Defendant's third witness was a foreign buyer and salesman for a firm that sold pill boxes. He had sold merchandise similar to plaintiff's collective illustrative exhibit 1 and had occasionally seen it used by women in their purses with

pills as its contents. He further testified that he had seen merchandise like plaintiff's exhibit 2 also used as a container for pills and that it was carried by men on their person and used by women on a desk in their office or carried in their purse. This witness also testified that the catch or lock on exhibit 3 for identification and on illustrative exhibit 4 was for the purpose of closing the container tightly so that the "pills don't fall out." (R. 38.)

The issue before us is whether or not these articles are like the articles enumerated in paragraph 1527 (c) (2) and are designed to be carried on or about the person, as are such enumerated articles.

Exhibit 3 for identification was a sample of the merchandise the subject of a decision of this court in *R. H. Stearns Co.* v. *United States*, 12 Cust. Ct. 326, Abstract 49471. In said case, we sustained the classification of the collector and overruled the protest. The merchandise there involved consisted of a small, hinged, silver pill box similar in general design and use to the silver box before us in protest 136859–K (exhibit 2).

There is no dispute as to the fact that the imported boxes are invoiced, bought and sold, and known in the trade as pill boxes. They are of such size and shape as to readily be carried in the pocket, or about the person, that is, in a purse or handbag. The classification of the collector is presumed to be correct. It is thus presumed that these articles were designed to be carried on or about the person and that they are "like articles" to the articles described by name in said paragraph 1527 (c). The plaintiff herein, in protesting the action of the collector, has assumed the double burden of establishing that the collector's classification is wrong and, in addition, that its own claim is correct. (*United States* v. *Gardel Industries*, 33 C. C. P. A. (Customs) 118, C. A. D. 325.) The question involving the classification of articles under paragraph 1527 has been before us on many occasions. In *Abercrombie & Fitch Co.* v. *United States*, 31 C. C. P. A. (Customs) 56, C. A. D. 248, our appellate court cited with approval the language of the court in *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, wherein the court, referring to paragraph 356, Tariff Act of 1913, predecessor to the present paragraph 1527, said at page 107:

\* \* \* The controlling question in this provision, outside of the question of value and material, seems to be whether the articles in question are designed to be worn on apparel or carried on or about or attached to the person in the same manner as are the enumerated articles and like articles when in their customary use.

After noting the diverse characteristics of the articles named in the paragraph, the court continued:

\* \* \* In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. This characteristic belongs also to the metal pencils now in question, and brings them within the provision for "like articles," which follows the list of enumerated articles in the paragraph.

The testimony of plaintiff's sole witness in this record is not sufficient to establish as a fact that these pill boxes were not designed to be carried about the person. It has repeatedly been stated that samples are potent witnesses and that applies to the samples in the present case. It is difficult to assume that any collector of boxes would seriously consider merchandise such as is here before us to be of interest as a collector's item. On the other hand, the size, shape, and manner of cover fastening would seem to lend support to the action of the collector in classifying these articles as designed to be carried about the person. The testimony of defendant's witnesses supports the collector's classification that these boxes are

used to carry pills or could carry medicinal pills or vitamins for those who are called upon to take such medication while away from home.

The provisions of paragraph 1527 do not attempt to limit the articles subject to classification under this paragraph to the articles enumerated therein, but have set forth a wide variety of items which our appellate court has pointed out are of diverse uses, some utilitarian, some decorative, and some combining both features. Provision is made, however, to cover "like articles."

Upon this record and a careful examination of the samples of the imported merchandise before us, we are of opinion and hold that these pill boxes are articles like those named in paragraph 1527 (c) (2) and are designed or intended to be carried on or about the person and were correctly classified for duty under said paragraph 1527 (c) (2), Tariff Act of 1930, by the collector.

The protest is overruled and the classification of the collector is sustained. Judgment will issue accordingly.